## STRATTON v. MAYS.

No. 64-2301-L.

Circuit Court, Duval County.

December 10, 1964.

John Paul Howard, Jacksonville, for plaintiff.

William H. Maness of Kurz, Toole, Maness & Martin, Jacksonville, for defendant.

TYRIE A. BOYER, Circuit Judge.

This cause heretofore came on to be heard, after due notice, upon the defendant's motion to strike the complaint as a sham and on the other undisposed of pleadings then pending. The court thereafter entered an order dated November 25, 1964 ruling on the other undisposed of pleadings but reserving its ruling on the motion to strike the complaint as a sham, allowing the defendant 15 days to furnish the court with citations of authority in support of his position. The defendant has now furnished the court with a memorandum in support of his said motion to strike the complaint as sham.

The complaint, as amended, alleges that the plaintiff was formerly employed by the defendant, and that upon the plaintiff voluntarily terminating such employment the defendant became angry with the plaintiff and "vowed to cause him to lose his new employment and not be able to obtain employment with any person other than the defendant". The complaint further alleges that the defendant was asked by Central Truck Lines, plaintiff's new employer, for a report "as to plaintiff's ability, integrity, honesty and trustworthiness", that the defendant "maliciously and then possessing the intent to cause the plaintiff to lose such employment, gave to the said Central Truck Lines a false report as to plaintiff in which he low-rated him and accused him of not being honest and trustworthy, which report directly caused the plaintiff to lose such employment." The complaint further alleges that "said report is not now available to plaintiff, but a copy is in the possession of the defendant".

The file now reveals, by affidavit of the defendant's attorney reciting conversations between himself and the plaintiff's attorney, and by colloquy between said attorneys during the taking of depositions herein, that although the plaintiff's attorney represented by direct statements to the defendant's attorney that he had seen and read the report from the defendant to Central Truck Lines, he — the plaintiff's attorney — had not in fact seen nor read said report prior to the filing of the complaint herein. The plaintiff's attorney admitted to the court and to the defendant's attorney during the last hearing held herein that he had made such representations and statements to the defendant's attorney but that said representations and statements were untrue, then and now. In short, the plaintiff's attorney now contends, by verbal statements and admissions made in open court during the last hearing held herein that at the time he filed the complaint on behalf of the plaintiff, neither he nor the plaintiff had in fact

seen or read the said report from the defendant to Central Truck Lines and had not been informed by anyone else of the contents thereof, to-wit, that when filing the complaint the plaintiff simply "took a shot in the dark", suspecting, by virtue of the nature of his discharge by Central Truck Lines, his new employer, and statements made to him at the time of his discharge that the cause of such discharge was a report from the defendant, as alleged in the complaint.

The defendant contends and urges that a plaintiff is not entitled to "take a shot in the dark" and that doing so constitutes an abuse of legal process rendering the complaint subject to being stricken by the court as a sham.

In his memorandum the defendant's attorney alleges that the essential allegations of the complaint are "false in fact" and cites law to the effect that the court is authorized to strike a pleading which is shown to be, on its face, false in fact. However, whether the allegations of the complaint are false in fact is a matter of fact to be determined by a jury and there is nothing in the complaint to indicate that the allegations thereof are false on their face—accordingly, this court is not empowered to determine whether or not the allegations of the complaint are, in fact, false.

This court is not now considering a motion for summary judgment and the only issue to be determined, at this point in the proceedings, is whether or not a plaintiff may be permitted to allege a cause of action based upon what he thinks, or guesses, to have occurred, without actual knowledge thereof, to-wit, whether or not he may "take a shot in the dark."

First in order that it not appear that the point has been overlooked, this court does not condone the conduct of the plaintiff's attorney. An attorney's duty to his client never requires a misrepresentation of the truth nor a direct statement of an untruth to opposing counsel. If opposing counsel asks for information which an attorney does not desire to divulge he is at liberty to refuse to do so or to simply ignore the question but a purposeful false statement is never proper.

However, the plaintiff's attorney's admitted false statement to the defendant's attorney was made after the complaint was filed and any determination as to discipline of the plaintiff's attorney does not affect the determination of the issue to be decided regarding the propriety of the filing of the complaint under the circumstances above outlined.

This court has carefully considered each of the cases cited in the defendant's memorandum, the allegations in the memorandum that the plaintiff authorized defendant to issue the report alleged to have given rise to the filing of the complaint, and the allegations of a release of the defendant from "all liability for damages of whatsoever nature on account of furnishing the requested information." All such allegations are matters of defense to be properly pleaded in an answer, and are properly to be considered in the event a motion for summary judgment be filed herein, but they are not matters properly to be considered in resolving the point now under consideration.

The defendant has cited the court to no case authorizing the court to strike as sham a complaint containing essential allegations which the plaintiff could not prove at the time of the filing of the complaint, and independent investigation has revealed none. True, as set forth in some of the cases cited by the defendant, a complaint, the allegations of which are utterly false is subject to be stricken as sham when that situation is made to appear; however, in the case sub judice it would appear from the defendant's extreme reluctance to reveal the contents of the alleged report that at this point in the proceedings, though the plaintiff allegedly "took a shot in the dark" there may be substance to the allegations of the complaint, to-wit, it does not appear to be established that the allegations thereof are false, therefore the cases cited by the defendant are not applicable.

In other words, so that this court's ruling will be abundantly clear and concise, in the event this cause be considered by another court, it is simply here held that a person who feels himself aggrieved is permitted to file suit against any person who he has reasoonable cause to believe has wronged him though he does not have specific proof of the exact act by which the suspected wrong was committed, and is entitled to maintain his suit, and make use of appropriate discovery process to attempt to prove that which he suspected at the time of filing the suit.

Of course, a person is not entitled to file or maintain a purely vexatious suit nor is he entitled to use the courts for the purpose of making false statements about another—but should such come to light the defendant, who then becomes the wronged party, has his remedy by way of action for malicious prosecution.

For the reasons above stated, it is ordered and adjudged that the defendant's motion to strike the complaint, as amended, as a sham pleading be and it is hereby denied.